UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| STANLEY HAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:06CV0087 RWS |
| | ) |
| LAURA VANCE, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before me on Defendant Sandria Hutchinson's Motion to Dismiss [#19]. Hutchinson filed her Motion to Dismiss on December 5, 2006. On December 15, 2006, Judge Thomas C. Mummert, III granted Plaintiff Stanley Hay's motion for an extension of time to respond to Hutchinson's Motion to Dismiss, extending the deadline for Hay's response through February 15, 2007. On January 30, 2007, Judge Mummert granted Hay's attorney Don M. Downing's motion to withdraw as attorney, as well as Hay's motion to disqualify Judge Mummert. The Clerk of this Court randomly reassigned the instant case to me.

On February 20, 2007, Hay made a motion for an additional thirty (30) day extension to respond to Hutchinson's Motion to Dismiss because Hay had not yet received the case file from Downing. I granted this motion and gave Hay an extension through March 23, 2007. On March 1, 2007, Hay made another motion for an addition thirty (30) day extension because he had still not received the case file. I granted this motion, giving Hay until April 23, 2007 to respond to Hutchinson's Motion to Dismiss. I further ordered Don Downing to show cause why he had not forwarded the case file to Hay. Downing responded that on "March 8, 2007, counsel forwarded copies of the court's file from docket entries 1 through 31 and the docket test order granting the

removal of counsel's name from the mailing list issued on February 13, 2007." Since that date, Hay has filed numerous *pro se* motions, none of which requested a further extension to reply to Hutchinson's Motion to Dismiss.

Local Rule 7-4.01(b) states that "each party opposing a motion shall file, within five (5) days after being served with the motion, a memorandum containing any relevant argument and citations to authorities on which the party relies. If any memorandum in opposition requires consideration of facts not appearing in the record, the party shall file with its memorandum all documentary evidence relied upon." I granted Hay a final extension of time through April 23, 2007 to file his response to Hutchinson's Motion to Dismiss. Hay has not filed a response to Hutchinson's Motion to Dismiss. Accordingly, I will treat all facts within Hutchinson's Motion to Dismiss as being uncontroverted.

*Background*

Plaintiff, Stanley Hay, currently an inmate at Crossroads Correctional Center ("CCC") in Cameron, Missouri, filed his Complaint on June 27, 2006. Hay seeks injunctive and monetary relief for alleged violations of his constitutional and statutory rights during his incarceration at Southeast Correctional Center ("SECC") in Charleston, Missouri pursuant to 42 U.S.C. § § 1983 and pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131, et seq. (the "ADA")*.*

*Legal Standard*

In ruling on a motion to dismiss, I must accept as true all the factual allegations in a complaint and view them in the light most favorable to the Plaintiff. Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993). A cause of action should not be dismissed for failure to state a claim unless, from the face of the complaint, it appears beyond a reasonable doubt that the Plaintiff can

prove no set of facts in support of the claim that would entitle him to relief. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993).

*Analysis*

**<u>Failure to Exhaust Administrative Remedies</u>**

Hutchinson argues that Hay's claims against her should be dismissed for failure to exhaust Hay's administrative remedies in compliance with the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). The PLRA requires a prisoner to fully exhaust all available administrative remedies as to all of his claims prior to filing suit in federal court. Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000) (per curiam). A prisoner must properly exhaust all administrative remedies, including appealing a grievance to the highest level possible. Porter v. Nussle, 534 U.S. 516, 524 (2002). If all available administrative remedies have not been exhausted as to all claims before suit is filed, dismissal of the entire complaint is mandatory. Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003). The policy behind the PLRA's exhaustion requirement is to give notice to prison administration of potentially harmful activity so that they may have the opportunity to correct potential problems before being brought into federal court. Parker v. Moore, 2005 2406016, (E.D.Mo. Sept. 28, 2005) (citing Thomas v. Woolum, 337 F.3d 720, 725 (6th Cir. 2003).

Missouri has developed a four-step procedure for inmates to internally grieve complaints against the Department and its staff: informal resolution, grievance, grievance appeal, and second appeal. Smith v. Stubblefield, 30 F.Supp.2d 1168, 1174 (E.D. Mo. 1998). The prisoner is considered to have exhausted his remedies after the first appeal. Id. In this case, Hay has failed to exhaust his administrative remedies as to claims contained in his Complaint prior to filing suit. According to the affidavits of Christy Clinton and Larry Williams, employees of the grievance

offices of SECC and CCC respectively, Hay did not file any grievances during his incarceration at SECC, nor has he filed any grievances since his transfer to CCC. Accordingly, Hay has not exhausted in compliance with 42 U.S.C.A. § 1997e(a). Abdul-Muhammad v. Kempker, 450 F.3d 350, 352 (8th Cir. 2006); Johnson, 340 F.3d at 627; Graves, 218 F.3d at 885. I will dismiss Hay's complaint against Defendant Laura Vance without prejudice. For the following reasons, I will dismiss Hay's complaint against Defendant Sandria Hutchinson with prejudice.

**Individual Liability under the ADA**

Defendant Hutchinson argues that she may not be sued in her individual capacity under the provisions of Title II of the ADA. The ADA prohibits discrimination by a "public entity," defined as "any state or local government" or "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(1)(A) and (B). Under the definitions contained in the Rehabilitation Act and the ADA, individual defendants are not public entities and are not subject to suit under Title II of the ADA. 29 U.S.C. § 794(a); 42 U.S.C. § 12131(1)(A) and (B). As is clear by the definition, individual defendants are not public entities and are not subject to suit under Title II of the ADA. Nothing in Title II indicates that an individual employee of a "public entity" was intended to be individually liable for any violation of the ADA. The Eighth Circuit has held that individuals may not be sued in their individual capacities directly under the provisions of Title II of the ADA. Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1999). Thus, insofar as Hay's ADA claims have been raised against Defendant Hutchinson in her individual capacity, I will dismiss these claims with prejudice because individuals may not be directly sued in their individual capacities under the provisions of Title II of the ADA.

**Eleventh Amendment Immunity**

Defendant Hutchinson argues that she is not liable in her official capacity. The Eleventh Amendment to the United States Constitution bars suits against the state or one of its agencies in federal court, unless the state has given consent to be sued. Penhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984). This protection exists whether the suit is brought against a state, or one of its agencies, and when it is brought by a citizen of the state being sued, or a citizen of another state. Id. The Eleventh Amendment bar is jurisdictional and applies regardless of whether the suit is for damages or for declarative and/or injunctive relief. Id at 100-101. Furthermore, § 1983 does not override the Eleventh Amendment immunity of states and their agencies. Quern v. Jordan, 440 U.S. 332, 338-49 (1979).

The Supreme Court held in Kentucky v. Graham, 473 U.S. 159, 169 (1985), that Eleventh Amendment immunity applies when state officials are sued for damages in their official capacities. In this case, Hay sued defendant Hutchinson in her official and individual capacity. I will dismiss Hay's Section 1983 claims against Hutchinson in her official capacity with prejudice because Hutchinson is immune from suit under the Eleventh Amendment.

**Injunctive Relief**

Defendant Hutchinson argues that Hay's claim for injunctive relief should be denied as moot. Hay filed this action alleging that Sandria Hutchinson, SECC librarian, violated his constitutional and statutory rights by denying him access to equipment that would accommodate his cortical blindness and permit him to communicate and research. In addition to monetary damages, plaintiff seeks an order from this Court ordering prison officials to comply with the ADA.

Hay is no longer an inmate at SECC, but rather is now at Crossroads Correctional

Center. Hay's transfer to a different prison renders his claim for injunctive relief against officials at the previous prison moot. Smith v. Hundley, 190 F.3d 852, 855 (8th Cir. 1999) (inmate's transfer to different institution mooted First Amendment claims); Hickman v. Missouri, 144 F.3d 1141, 1142 (8th Cir. 1998) (former inmates' Americans with Disabilities Act claims were mooted by their release on parole); Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (various claims to improve prison conditions were mooted by plaintiff's transfer to another institution). In this case, Hay was transferred to Crossroads Correctional Center and is no longer subject to the allegedly unlawful policies or conduct of SECC officials. I find that under Eighth Circuit precedent, Hay's claims for injunctive relief are moot. I will dismiss Hay's claims against Hutchinson for injunctive relief with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Hutchinson's Motion to Dismiss [#19] is **GRANTED.**

**IT IS FURTHER ORDERED** that Hay's claims against Defendant Hutchinson are **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Hay's claims against Defendant Vance are **DISMISSED** without prejudice.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 16th day of May, 2007.