UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| STANLEY E. HAY, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:06CV00087 RWS |
| LAURA VANCE, et al., | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before me on Plaintiff's Motion to Disqualify Judge [#56], Motion to Vacate Memorandum and Order [#57] and Motion to Alter, Amend or Vacate Order [#58].

On May 16, 2007, I granted Defendant Sandria Hutchinson's Motion to Dismiss. In my order I dismissed Plaintiff Stanley Hay's complaint against Defendant Laura Vance without prejudice for failure to exhaust his claims under 42 U.S.C. § 1997e(a). I also dismissed Hay's ADA claims brought against Defendant Hutchinson in her individual capacity, as well as Hay's Section § 1983 claims against Hutchinson in her official capacity because Hutchinson is immune from suit under the Eleventh Amendment. Finally, I found that Hay's request for injunctive relief was moot because he was no longer subject to the allegedly unlawful policies or conduct of the Southeast Correction Center officials.

*Motion to Disqualify*

28 U.S.C. § 455 governs the disqualification of a district judge. Section 455 provides for a disqualification of a district judge where a judge's impartiality might reasonably be questioned or the judge has personal bias or prejudice concerning a party.

A judge is presumed to be impartial, and Plaintiff bears the substantial burden of proving otherwise. <u>In re Larson</u>, 43 F.3d 410, 414 (8th Cir. 1994). In addition, judges have an affirmative duty not to disqualify themselves unnecessarily. <u>Holloway v. United States</u>, 960 F.2d 1348, 1350 (8th Cir. 1992). Disqualification is necessary only if facts would provide an objective, knowledgeable member of the public with a reasonable basis for doubting the judge's impartiality. <u>Id.</u> at 1351 (internal citations omitted); see also <u>Holloway</u>, 960 F.2d at 1351.

Plaintiff fails to assert information that would provide an objective, knowledgeable member of the public with a reasonable basis for doubting my impartiality. The basis of Plaintiff's motion is that I did not rule on Hay's other motions that remained before the Court at the time I dismissed his claims. Hay's complaint failed to state a claim upon which relief could be granted, and was therefore properly dismissed under Federal Rule of Civil Procedure 12(b)(6). Once I decided this preliminary issue, the case was deemed to be closed and all remaining motions became moot. Therefore, the fact that I did not rule on Hay's other motions was not based on prejudice or bias.

I will deny Hay's Motion to Disqualify Judge [#56].

***Motions to Alter, Amend or Vacate***

Federal Rule of Civil Procedure 59(e) provides that "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." My judgment for Defendants in this matter was entered on May 16, 2007. Any motion to alter or amend a judgment must be filed no later than ten days after entry of the judgment (excluding weekends and holidays). Fed. R. Civ. P. 59(e). In this matter such a motion had to be made by May 31, 2007. Hay did in fact file a timely motion to amend, vacate and set aside order on May 29, 2007.

Motion to Vacate [#57]

In Hay's first motion to Vacate my May 16, 2007 Order [#57], Hay argues that I should have ordered the Missouri Department of Corrections to provide Hay with the necessary Auxiliary Aids and Services that he needed to communicate with the Court.  However, the Missouri Department of Corrections was never made a party to this suit.  Accordingly, I did not have jurisdiction to order the Missouri Department of Corrections or the to take any action in this matter.

Hay's also argues that I refused to address his claims of:

- the alleged judicial misconduct of Magistrate Mummert III;
- the alleged violations of Professional Ethics and ADA Discrimination of Don Downing and Missouri Assistant Attorney Generals Joshua Worthington and Gail Vasterling;
- the alleged professional misconduct of Cecilia Callahan and Kendra Reece of the Missouri Protection and Advocacy Service

Because none of these individuals were made party to this suit, I did not have jurisdiction to order them to take any action in this matter.

I will deny Hay's Motion to Vacate [#57].

Motion to Alter, Amend or Vacate [#58]

In Hay's second motion to Alter, Amend or Vacate my May 16, 2007 Order [#58], Hay raises many of the points already addressed above in his Motion to Vacate [#57].  Hay also provides a response to Defendants' Motion to Dismiss [#59].  In spite of numerous extensions of time being granted to him, Hay failed to file a response to Defendants' Motion to Dismiss [#19].

Accordingly, when ruling on the Motion to Dismiss, I treated all facts within the Motion as being uncontroverted.

Federal Rule of Civil Procedure 59(e) was adopted "to clarify a district court's power to correct its own mistakes in the time period immediately following entry of judgment." Innovative Home Health Care, Inc. v. P.T. - O.T. Associates of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998) (internal quotations and citations omitted). Rule 59(e) motions serve a limited function of correcting manifest errors of law or fact or to present newly discovered evidence. Id. Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. Id.

In his motion, Hay has raised arguments which could have been raised in a response to the Motion to Dismiss. This is not the purpose of a Motion to Alter or Amend. Id. Even were I to consider these new arguments, Hay's only argument that might affect my original ruling is that Hay did exhaust his administrative remedies. Hay claims that while he did not utilize "D5-3.2-Inmate Grievance Procedure," he *did* utilize "D1-1.2-ADA Complaint/Grievance Procedure as directed by Section 504, ADA Title II 35.107, and MDOC Policy D1-1.2." Were I to rule that Hay did in fact state a claim on exhaustion of administrative remedies, Defendants would still prevail on the issues of individual liability under the ADA, Eleventh Amendment Immunity and the lack of available injunctive relief.

I will deny Hay's Motion to Alter, Amend or Vacate [#58].

Accordingly,

**IT IS HEREBY ORDERED** that Hay's Motion to Disqualify Judge [#56] is **DENIED.**

**IT IS FURTHER ORDERED** that Motion to Vacate Memorandum and Order [#57] is **DENIED.**

**IT IS FURTHER ORDERED** that Motion to Alter, Amend or Vacate Order [#58] is **DENIED.**

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 8th day of November, 2007.